Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000585
20-JUN-2017
11:14 AM

NO. CAAP-16-0000585

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MN, Petitioner-Appellee,
v.
AN, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 15-1-2511)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Respondent-Appellant A. N. (**Husband**) appeals from an order issued on July 25, 2016 (**Order Denying Motion to Vacate**), by the Family Court of the First Circuit (**family court**),[1] which denied his motion to vacate an Order for Protection.

On appeal, Husband contends that (1) the family court erred when it implied that it did not have jurisdiction to vacate the Order for Protection because custody and visitation matters are not part of the restraining order proceeding; and (2) the family court erred in denying Husband's Motion to Vacate the Order for Protection because the Order for Protection was a settlement agreement which Wife expressly breached.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Sherri L. Iha presided, unless otherwise indicated.

the arguments advanced and the issues raised, as well as the relevant legal authorities, we resolve Husband's points of error as follows, and we affirm.

On November 17, 2015, Petitioner-Appellee M. N. (**Wife**), filed a Petition for an Order for Protection (**Petition**) against Husband, pursuant to Hawaii Revised Statutes (HRS) Chapter 586 and HRS § 134-7 (2011). Wife filed the Petition on behalf of herself and the couple's two minor children (**Minor Children**) alleging, *inter alia*, physical harm and extreme psychological abuse from a number of alleged incidents. On November 17, 2015, the family court issued a Temporary Restraining Order (**TRO**) prohibiting Husband from contacting Wife and the Minor Children.[2]

At the hearing on the Petition, held on November 30, 2015, a representative from Adult Client Services Branch advised the family court that the "parties agree to an order for protection for three years for [Wife]. The children are taken off the TRO. The parties have agreed that father will be able to visit the children twice a week for two hours each day." The family court confirmed with both Husband and Wife as to their understanding of the agreement. The court's order was then read to the parties, including that the Minor Children are removed from the order and are no longer covered (and with no other provision expressly related to the Minor Children being included in the order). After the order was read in court, Husband stated that he understood the order and made no objection to it. Husband was represented by counsel at the hearing. Thereafter, on the same day, the family court issued the written Order for Protection which covers three-years and under which Husband is prohibited from contacting Wife. As noted during the hearing, the Order for Protection expressly states that Minor Children "are removed from this order and are no longer covered." Of further note, the Order for Protection contains a section III.D.

---

[2] The Honorable Kevin A. Souza issued the TRO.

entitled "Temporary Custody and Visitation" relating generally to minor children, but this section of the order is left blank.

On June 17, 2016, Husband filed a "Motion to Vacate the Order of Protection" (**Motion to Vacate**). In his declaration attached to the motion, Husband declared that he agreed to the Order of Protection in exchange for Wife removing the two Minor Children from the Order of Protection. Husband also attested that the parties agreed Wife would permit Husband to visit with the children twice a week for two hours each week. Husband declared, however, that on January 8, 2016, Wife informed Husband's attorney that she would not be bringing the Minor Children to a shopping mall for visits with Husband the next day or thereafter. We note that in his declaration, Husband also attests to an existing divorce action, FC-D No. 16-1-0023, in which the presiding judge had issued an order for him to have overnight visitation with the Minor Children starting on May 27, 2016.

After a hearing on July 25, 2016, the family court issued the Order Denying Motion to Vacate.

(1) Husband contends that the family court erred in implying it did not have jurisdiction to vacate the Order for Protection in light of the custody and visitation matters involved. However, from our review of the record, the family court did not hold that it lacked jurisdiction. Rather, given that there was a pending divorce proceeding, the family court stated multiple times that the custody and visitation issues should be addressed in the divorce proceeding. We agree with the family court.

As we noted above, the Order for Protection in this case did not contain any terms related to the custody and visitation for the Minor Children. Moreover, even if the parties intended that there be certain visitation rights as part of an agreement related to the Order for Protection, HRS § 586-5.5

3

(2006) only authorizes the court to establish <u>temporary</u> visitation and custody of minor children.[3] This is consistent with the fact that other statutes provide criteria and procedures for awarding custody and visitation for minor children. <u>See</u> HRS § 571-46 (Supp. 2016); HRS Chapter 583.

We thus conclude that Husband's first point of error is without merit.

**(2)** Husband also contends that the family court erred in denying the Motion to Vacate because the Order for Protection was an agreement which Wife breached under principles of contract law. Husband argued at the hearing on the Motion to Vacate that because Wife will not permit Husband to see children twice a week, the Order for Protection should be "null and void."

We do not agree with Husband that contract law applies in resolving this appeal. Rather, because the Order for Protection does not contain any terms related to the custody or visitation of Minor Children, any assertion of a settlement agreement that included visitation rights was not set forth in the order. Moreover, an important aspect of the Order for Protection in favor of Husband was that the Minor Children were removed from the order and Husband was not precluded from seeing them, unlike under the TRO. Finally, even if the parties

---

[3]  HRS § 586-5.5(a) provides in relevant part:

> The protective order may include all orders stated in the temporary restraining order and may provide for further relief as the court deems necessary to prevent domestic abuse or a recurrence of abuse, <u>including orders establishing</u> **temporary** <u>visitation and custody with regard to minor children of the parties</u> and orders to either or both parties to participate in domestic violence intervention services. If the court finds that the party meets the requirements under section 334-59(a)(2), the court further may order that the party be taken to the nearest facility for emergency examination and treatment.

(Emphasis added.)

4

contemplated visitation rights as being part of the Order for Protection, HRS § 586-5.5 clearly establishes that such rights would be temporary. It is undisputed in this case that there was a pending divorce proceeding by the time Husband filed his Motion to Vacate and that the presiding judge in the divorce case had issued an order pertaining to Father's visitation with the Minor Children. Under these circumstances, we conclude that the family court did not abuse its discretion in denying the Motion to Vacate.

Therefore, IT IS HEREBY ORDERED that the "Order Denying Motion to Dissolve Existing Order" entered on July 25, 2016, by the Family Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, June 20, 2017.

On the briefs:

Andrew Daisuke Stewart,
for Respondent-Appellant.

Gary G. Singh,
for Petitioner-Appellee.

Chief Judge

Associate Judge

Associate Judge

5